UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 23-CR-159 |
| DESMOND TAYLOR | SECTION: "A" |

### ORDER & REASONS

Before the Court are Defendant Desmond Taylor's **Letter to the Court (Rec. Doc. 448)** and **Motion Requesting the Court to Make a Decision on Petitioner's Section 2255 Motion Filed with the Court (Rec. Doc. 450)**. Both are addressed in the paragraphs that follow.

**I.   Defendant's Letter to the Court (Rec. Doc. 448)**

On February 15, 2025, Defendant wrote the Court a letter with the stated purpose of "acquir[ing] [his] Plea Agreement, Sentencing Transcript, and Docket Sheet and any other hearing that took place in this case."[1] His letter states he is indigent, but lacks any proof of indigency.[2] Assuming without deciding that Taylor is an indigent defendant, he has a statutory right to free court documents only in particular circumstances. *See* 28 U.S.C. § 753(f); *United States v. MacCollum*, 426 U.S. 317 (1976). As such, he is required to establish that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Defendant's letter states that he seeks the documents to perfect his appeal, but he has not filed a Notice of Appeal to the Fifth Circuit with the Clerk of Court.[3] *See* Fed. R. App. P. 3(a)(1) ("An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4."); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being

---

[1] Rec. Doc. 448, at 1.

[2] Defendant has not yet submitted an affidavit of indigency, nor any financial information concerning his prison account or his financial condition.

[3] Rec. Doc. 448, at 1.

appealed . . . .").

Defendant has no pending suit before the Court and has not yet filed a proper motion pursuant to § 2255;[4] accordingly, he fails to meet the statutory requirements for free transcripts or documents. *See* 28 U.S.C. § 753(f); *see also United States v. Herrera*, 474 F.2d 1049, 1049–50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Thus, to the extent Defendant requests court documents at the government's expense, his request is denied without prejudice. If he properly files a § 2255 motion, he may then request again free copies of specific documents or transcripts upon establishing he is indigent. The Court notes that Defendant is not precluded from filing a § 2255 motion merely because he does not have transcripts from his case. Indeed, § 2255 motions are frequently filed without the benefit of transcripts.

If Defendant is interested in receiving specific transcripts or documents at his own expense prior to properly filing his § 2255 motion, he may contact the Clerk of Court to request them. To that end, the Clerk is directed to provide Defendant with (i) a copy of the docket sheet in his case, (ii) instructions as to how to order transcripts or to purchase copies of records, and (iii) the costs associated with doing so.

II. **Defendant's Motion Requesting the Court to Make a Decision on Petitioner's Section 2255 Motion Filed with the Court (Rec. Doc. 450)**

In a letter dated March 15, 2025,[5] Defendant filed the present motion asking this Court to

---

[4] *See* Notice of Correction, Rec. Doc. 443, noting:

> Your Motion to Correct Unconstitutional Convictions and Sentences has been received and docketed. In your motion, you cite 28 U.S.C. § 2255 as a jurisdictional standard as to why your sentence should be reconsidered. Motions filed under 28 U.S.C. § 2255 require a specific form be completed and submitted to the Court. This form has been included in this mailing. Please complete the proper form and submit to the Court for consideration.

[5] *See generally* Rec. Doc. 450.

decide his § 2255 motion filed December 19, 2024.[6] As explained in the Clerk of Court's December 26, 2024 Notice of Correction, Defendant's motion was not considered because it was unaccompanied by the requisite form.[7] As such, the present motion is denied.

Although the form has previously been mailed to Defendant, the Clerk is directed to include an additional copy of the requisite § 2255 form with the mailing of this order.

Accordingly;

**IT IS ORDERED** that Defendant's request for copies of court documents (*see* Rec. Doc. 448) is **DENIED WITHOUT PREJUDICE**. The Clerk of Court shall provide Defendant with (i) a copy of the docket sheet in his case, (ii) instructions as to how to order transcripts or to purchase copies of records, and (iii) the costs associated with doing so. Alternatively, Defendant may request again free copies of specific documents or transcripts upon filing a § 2255 motion in proper form and upon establishing he is indigent.

**IT IS FURTHER ORDERED** that the **Motion Requesting the Court to Make a Decision on Petitioner's Section 2255 Motion Filed with the Court (Rec. Doc. 450)**, filed by Defendant Desmond Taylor, is **DENIED**. The Clerk of Court shall include an additional copy of the requisite § 2255 form with the mailing of this order.

April 17, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[6] *See* Rec. Doc. 442.

[7] *See supra*, note 4. On January 29, 2025, the Notice of Correction was returned to the Clerk as undeliverable. Upon learning Defendant was moved to FTC Oklahoma City, the Notice of Correction was subsequently mailed to Defendant's new address. On March 7, 2025, the Notice of Correction was returned as undeliverable yet again and it was learned that Defendant is incarcerated at Victorville Medium I. The Notice of Correction was mailed to him the same day.